S. AMANDA MARSHALL, OSB #953473
United States Attorney
District of Oregon
AMY E. POTTER
Assistant United States Attorney
amy.potter@usdoj.gov
405 E. 8th Ave., Ste. 2400
Eugene, Oregon 97401
Telephone:  (541) 465-6771
Facsimile:   (541) 465-6917
Attorneys for the United States

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 6:12-CR-00336-AA |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| RANDOLPH DEL CALHOUN NELSON, | Sentencing Date:  October 1, 2013<br>8:45 a.m. |
| Defendant. | |

The United States of America, by and through S. Amanda Marshall, United States Attorney for the District of Oregon, and Amy E. Potter, Assistant United States Attorney, hereby submits this sentencing memorandum in anticipation of the sentencing of defendant Randolph Del Calhoun Nelson on October 1, 2013.  Defendant pleaded guilty to conspiracy to file false tax returns and theft of government property on September 4, 2013.

///

## I.      FACTUAL BACKGROUND

Defendant Nelson ran a very simple scheme: he obtained social security numbers and other information from his fellow prison inmates and used that information to file false tax returns.  He made up information regarding wages in order to receive an Earned Income Tax Credit.  It appears that in some cases, he may have paid the inmates or at least told them they would be paid for providing information while in other cases, the inmates claim that their information was stolen.  Defendant submitted over 100 tax returns seeking refunds totaling more than $100,000.  It was defendant who profited from the scheme.  Defendant collected tax refunds totaling $38,596.61, and spent the money.    He has carried versions of this scheme for years and even continued once he was arrested on these charges.

## II.      GUIDELINES CALCULATIONS

The defense and the government agreed that U.S.S.G. § 2T1.1 applied and calculated the guidelines as follows:

|     |     |
| --- | --- |
| (1) USSG §2T1.1/2T4.1 – Base Offense Level | 16 |
| (2) USSG § 3E1.1 – Acceptance of Responsibility | - 3 |
| Total Offense Level | 13 |

Defendant is a criminal history category VI, resulting in a range of 33-41 months.  This calculation is based on the tax guidelines.

Probation used § 2B1.1 (the fraud guidelines) and arrive at a TOL of 14 prior to acceptance.  Upon review, Probation selected the correct guideline section.  Probation did not give any credit for acceptance, resulting in a range of 37-46 months and recommended 46

GOVERNMENT'S SENTENCING MEMORANDUM
*United States v. Randolph Del Calhoun Nelson*, 6:12-CR-00336-AA                    Page 2 of 6

months' imprisonment, the high end. If he were to receive acceptance under probation's calculations, it would result in a range of 30-37 months.

### III.    SENTENCING RECOMMENDATION

The government recommends a sentence of 33 months' imprisonment. This is the low-end of the guideline range agreed to by the parties after giving defendant three levels for acceptance of responsibility. As such, the government believes it can recommend 33 months' consistent with the plea agreement even if it is the mid-range of probation's correctly calculated guideline range (after acceptance). Given defendant's conduct both prior to and after being charged, a 33 month recommendation is a gift.

Defendant has been involved in criminal activity since the 1970s. Defendant has spent most of his adult life in and out of prison and nothing, to date, has discouraged him from continuing his life of crime. After decades of criminal activity, defendant, who is now 58 years old, has simply moved from burglary to fraud. His current crime—filing false tax returns—has continued unabated for years. Defendant Nelson was prosecuted in state court in 2005 for a similar tax return scheme. The prosecution did nothing to deter him and between 2010 and 2012, he filed over 100 false returns. He collected over $30,000, much of which he sent to his girlfriend in the Philippines. He was charged federally in May 2012 for the 2010-2012 conduct. During the execution of a search warrant on defendant's residence, law enforcement discovered a Bible that contained, in the margins, almost a hundred social security numbers or other personal identifiers for various people, many of who were inmates with defendant. Many of those numbers linked to tax returns filed by defendant.

Despite facing federal criminal charges, defendant continued to ignore the law and the rules.  He was released to pretrial supervision in September 2012 and absconded within weeks.  During his time out of custody, he filed a false return and obtained money that undoubtedly, he planned to use to flee Eugene.   Indeed, when he was caught by the U.S. Marshals Service (USMS), he had a fraudulent birth certificate and Army discharge paperwork in another person's name that he intended to use to obtain a passport so he could, the government believes, flee to the Philippines to see his purported girlfriend.  He, of course, also had a notebook containing numerous social security numbers, dates of birth and other information which appears to belong to inmates defendant was housed with while pending trial.

Even when he was caught by the USMS and returned to custody, he did not stop.   He filed more false tax returns in January and February 2013.  In April 2013, the government made a plea offer which defendant accepted on April 15, 2013 (the plea agreement was signed on that date).   Defendant's plea, however, was not scheduled until September 2013.   In June 2013, the BOP contacted the government because it was concerned about defendant's attempts to have a third party access his bank accounts and transfer all the money to the Philippines.   The government quickly determined that the money defendant was trying to transfer was a refund deposited into his account in March 2013 based on one of the false returns filed in February 2013.  The government obtained a federal seizure warrant and seized the money.  Nelson's purpose was clear: he intended to profit from his scheme despite acknowledging when he signed the plea agreement that the filing of the returns was a crime and he was not entitled to any of the refunds received.

Given defendant's conduct, the government considered whether it (1) should recommend a third level of acceptance of responsibility and (2) whether a breach of the plea agreement had occurred, relieving the government of its obligation to recommend the low end of the guidelines the parties had agreed upon.   In terms of acceptance of responsibility, the government believes that defendant's behavior since the signing of the agreement belies a true acceptance of responsibility.  In reviewing the plea agreement, however, the ability to offer or not offer acceptance appears to hinge on behavior between plea and sentencing.[1]  *See* ¶ 8.    None of the activity occurred between the plea and sentencing.  There is a separate section of the plea agreement (¶ 16) dealing with a breach of the agreement or a commission of a new criminal offense between signing of the agreement and sentencing which relieves the government of its obligations under the agreement.   The difficulty is whether the critical act that occurred after the signing of the agreement—the attempt to transfer money—was, in fact, a crime or constituted obstruction of justice.    The fraud occurred when Nelson submitted the return and he received the government money when it was deposited (March 2013) as opposed to when the attempted transfer occurred.   In terms of obstruction, reviewing the appropriate guideline provision and statue (U.S.S.G. § 3C1.1 and 18 U.S.C. § 1510) it is also not clear that the attempted transfer alone is enough to constitute obstruction.  Given these issues, the government feels the best course is to honor the agreement and recommend acceptance.

What is clear, though, is that the attempted transfer is further evidence of defendant's lack of remorse and his desire to enrich himself regardless of whether the money was stolen.  Given these activities, a 33 month term of imprisonment is necessary and  defendant should not

---

[1] Acceptance of responsibility is governed by U.S.S.G. § 3E1.1 and refers to timely acceptance of a plea and an admission of guilt being critical to the determination of at least the first two levels of acceptance.

GOVERNMENT'S SENTENCING MEMORANDUM
*United States v. Randolph Del Calhoun Nelson*, 6:12-CR-00336-AA                              Page 5 of 6

receive a lesser sentence. The government cannot and will not argue that a 33 month term of imprisonment will deter defendant; his history makes clear that incarceration will not fix defendant. A sanction is necessary, though, and hopefully, this sentence will deter others who are considering a similar scheme. When defendant is released, he will be on supervised release and he can either engage in programming in an effort to adopt a legitimate lifestyle or he can continue to commit crimes. It is up to defendant.

### IV.  CONCLUSION

The government recommends a low-end sentence of 33 months' imprisonment.

Dated this 25th day of September 2013.

    Respectfully submitted,

    S. AMANDA MARSHALL
    United States Attorney

    *s/Amy E. Potter*
    AMY E. POTTER
    Assistant United States Attorney